**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1980-16T1

JESSE WOLOSKY,

    Plaintiff-Appellant,

v.

FREDON TOWNSHIP and
MICHAEL AND PENNY
HOLENSTEIN,

    Defendants-Respondents.

_____

Argued May 30, 2018 — Decided July 24, 2018

Before Judges Hoffman and Mayer.

On appeal from Tax Court of New Jersey, Docket
No. 008267-2016.

Matthew R. Petracca argued the cause for
appellant (King and Petracca, LLP, attorneys;
Matthew R. Petracca, on the brief).

Tara Ann St. Angelo argued the cause for
respondents Michael and Penny Holenstein
(Gebhardt & Kiefer, PC, attorneys; Tara Ann
St. Angelo, on the brief).

William E. Hinkes argued the cause for
respondent Fredon Township (Hollander,
Strelzik, Pasculli, Hinkes, Wojcik, Gacquin,
Vandenberg & Hontz, LLC, attorneys, join in

the brief of respondents Michael and Penny Holenstein).

PER CURIAM

Plaintiff Jesse Wolosky appeals from a Tax Court judgment dismissing his complaint, which alleged the tax assessment for the property of defendants, Michael and Penny Holenstein,[1] "is below market value" and demanded "judgment increasing the said assessment to the correct assessable value." We affirm.

I

Fredon Township (the Township) previously assessed defendants' property at $544,400 in 2009 and 2010, $506,300 in 2011, and $437,600 in 2012 through 2016. On March 30, 2016, plaintiff filed a petition of appeal challenging the Township's assessment of defendants' property with the Sussex County Board of Taxation, which dismissed the appeal without prejudice, citing the conflict presented by Penny Holenstein's employment as a tax assessor. Plaintiff then filed a complaint with the Tax Court seeking the same relief. During discovery, plaintiff moved to compel production of a January 2015 appraisal prepared when

---

[1] Penny Holenstein serves as the tax assessor for a municipality where plaintiff owns property. Plaintiff filed an appeal from the Holenstein's assessment after he unsuccessfully challenged Ms. Holenstein's assessment on his property.

defendants refinanced the mortgage on their property. The Tax Court denied the motion.

At trial, plaintiff presented expert Matthew Nemeth as his only witness. According to Nemeth, the subject property, located on a cul-de-sac, contains 6.26 acres of land and a single-family colonial house with four bedrooms, three and one-half baths, an attached three-car garage, a porch, a balcony, an in-ground pool, and a shed. Nemeth described the house as "average quality in good condition." Nemeth utilized a sales comparison approach and concluded to "a reasonable degree of certainty" that the value of the subject property was $535,000.

To acquire data regarding comparable sales, Nemeth relied on the websites of the New Jersey Association of Tax Boards, New Jersey Property Fax, and Multiple Listing Service (MLS). He did not confirm any data with the buyer, seller, broker or attorney involved in the transactions he utilized as comparable sales. He also did not access the deeds, sale documents, or property record cards for any of the comparable properties, nor did he physically inspect any of the comparable properties.

After plaintiff rested, defendants moved to dismiss. The Tax Court granted the motion to dismiss based on plaintiff's failure "to present sufficient competent evidence to overcome the presumption of correctness." The judge found the "origins and

3                                                        A-1980-16T1

accuracy" of the information and sources plaintiff's expert used were "unknown and unreliable," and further noted, "While an expert may utilize hearsay, [he or she] cannot <u>solely</u> rely upon it." Furthermore, Nemeth provided no market data to support the adjustments he made to comparable sales.

## II

First, we address three preliminary issues the parties raised on appeal: whether we should consider the 2017 assessment of the subject property; whether we should consider plaintiff's ratio of assessed value argument first raised on appeal; and whether the Tax Court improperly relied on an unpublished case.

Plaintiff argues the increase in assessment of the subject property to $440,000 for the 2017 tax year from a prior assessment of $437,600 supports his contention that there are multiple errors in the 2016 tax assessment and that the 2017 assessment should be considered as part of this appeal. However, "[o]ur scope of review . . . is limited to . . . the record as it existed at the time of trial." <u>N.J. Div. of Youth and Family Servs. v. M.M.</u>, 189 N.J. 261, 278 (2007) (citing <u>R.</u> 2:5-4). Attempting to present documents for the first time on appeal is "a gross violation of appellate practice and rules . . . ." <u>Middle Dep't Inspection Agency v. Home Ins. Co.</u>, 154 N.J. Super. 49, 56 (App. Div. 1977). Plaintiff provided the 2017 assessment for the first time on appeal.

Furthermore, the 2017 assessment is irrelevant because the applicable valuation date for this appeal is October 1, 2015, while the valuation date for the 2017 assessment is October 1, 2016. See N.J.S.A. 54:4-23 (setting the valuation date for tax assessment as October 1 of the preceding year). Accordingly, we decline to consider the 2017 tax assessment on appeal.

Plaintiff makes the argument, for the first time on appeal, that the ratio of the assessed valuation to the true value of the subject property mandates denial of the motion to dismiss. However, we usually decline consideration of an issue not properly raised before the trial judge, unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Because plaintiff did not raise below the issue concerning the ratio of assessed valuation, nor does it concern jurisdiction or a matter of great public importance, we decline to address it.

Plaintiff argues the Tax Court should not have relied upon DiSenso v. Wyckoff Township, No. 014165-2015 (Tax Aug. 31, 2016) in its opinion dismissing his tax appeal. Specifically, plaintiff contends the reliance was improper because the case is unpublished, the facts differ from those of the subject appeal, and the case fails to apply the correct standard of review.

Rule 1:36-3 provides, "No unpublished opinion shall constitute precedent or be binding upon any court." However, the Tax Court did not cite DiSenso as precedent or binding authority. The Tax Court recognized the case as unpublished and simply "adopted the . . . language as its own, given that the opinion and the published case law cited therein are well reasoned and pertinent to the facts of the present case." Although we do not approve of the Tax Court's discussion of DiSenso in its opinion,[2] we discern no harmful error here since we find the court used the opinion as a non-binding secondary authority consistent with its own analysis and decision. The Tax Court found the presumption of validity analysis from DiSenso helpful, and mistakenly chose to discuss the case in its opinion since the critical facts in DiSenso are substantially similar to those in the matter under review.

III

Turning to the substantive issue, plaintiff argues the Tax Court erred in dismissing his complaint. We disagree.

Our review of a Tax Court decision is limited. Estate of Taylor v. Dir., Div. of Taxation, 422 N.J. Super. 336, 341 (App.

---

[2] Our Supreme Court has made clear that "no unpublished decision shall be cited by any court." In re Alleged Improper Practice, 194 N.J. 314, 330 n.10 (2008) (quoting R. 1:36-3).

Div. 2011). "We also accord the Director's decision a presumption of correctness in light of the Director's expertise." Ibid. (citing H.J. Bradley, Inc. v. Taxation Div. Dir., 4 N.J. Tax 213, 229 (Tax 1982)). The Tax Court's factual findings "will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Yilmaz, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 435, 443 (App. Div. 2007) (citation omitted). Thus, we examine "whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court's expertise and ability to judge credibility." Ibid. (citation omitted). However, our review of the Tax Court's legal conclusions is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

When examining a taxpayer's challenge to a real estate tax assessment, it is well-settled such assessments are "entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). The presumption stands when "the assessment is not so far removed from the true value of the property . . . as to justify removal of the presumption of validity." Transcon. Gas Pipe Line Corp. v. Bernards Twp., 111 N.J. 507, 517 (1988) (citing Pantasote Co. v. City of Passaic, 100 N.J. 408, 415 (1985)). "[O]nce sufficient competent evidence is produced and the presumption overcome, . . .

[t]he court must then turn to a consideration of the evidence adduced on behalf of both parties and conclude the matter based on a fair preponderance of the evidence." Ford Motor Co. v. Twp. of Edison, 127 N.J. 290, 312 (1992) (first alteration in original) (quoting Pennwalt Corp. v. Twp. of Holmdel, 4 N.J. Tax 51, 55-56 (Tax 1982)).

In an action challenging a municipal real estate assessment, "[i]f the defendant moves to dismiss at the close of the plaintiff's proofs, pursuant [to Rule] 4:37-2(b), the court . . . must accept [the plaintiff's] evidence as true and accord the plaintiff all legitimate inferences [that] can be deduced from the evidence." MSGW, 18 N.J. Tax at 376 (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 535 (1995)). "The trial court is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion." Id. at 378 (quoting Dolson v. Anastasia, 55 N.J. 2, 5-6 (1969)).

"Under the 'net opinion' rule, an opinion lacking in . . . foundation and consisting of bare conclusions unsupported by factual evidence is inadmissible." Rosenberg v. Tavorath, 352 N.J. Super. 385, 401 (App. Div. 2002) (citations omitted). N.J.R.E. 703 requires an expert base his or her opinion on "facts, data, or another expert's opinion, either perceived by or made

known to the expert, at or before trial." <u>Ibid</u>. An expert must provide "the why and wherefore" behind an opinion rather than solely issuing conclusions. <u>Ibid.</u> (quoting <u>Jimenez v. GNOC, Corp.</u>, 286 N.J. Super. 533, 540 (App. Div. 1996)). "The net opinion rule . . . mandates that experts 'be able to identify the factual bases for their conclusions, explain their methodology, and demonstrate that both the factual bases and the methodology are reliable.'" <u>Townsend v. Pierre</u>, 221 N.J. 36, 55 (2015) (quoting <u>Landrigan v. Celotex Corp.</u>, 127 N.J. 404, 417 (1992)). An expert's opinion cannot be "based merely on unfounded speculation and unquantified possibilities." <u>Vuocolo v. Diamond Shamrock Chems. Co.</u>, 240 N.J. Super. 289, 300 (App. Div. 1990).

Plaintiff contends the Tax Court erred in dismissing his claim because "unrebutted and credible expert testimony" established a market value and assessment of the subject property of $535,000. He argues dismissal was inappropriate because he presented more than "a scintilla" of evidence in support of the asserted valuation. <u>See</u> <u>MSGW</u>, 18 N.J. Tax at 378. He also contends the judge failed to view the evidence "in a light most favorable" to the plaintiff, and he overcame the presumption of validity due to Nemeth's testimony. <u>See</u> <u>ibid.</u>

The Tax Court dismissed the claim based on plaintiff's "failure to overcome the presumption of validity of the

assessment."  The court found Nemeth "relied solely on hearsay contained in internet sources" and failed to confirm any data on comparable sales.  The court also found Nemeth's conclusion regarding the value of the subject property "neither sustainable nor credible."

We find the record supports the Tax Court's rejection of Nemeth's testimony.  At trial, defendants stipulated to Nemeth's qualifications as a residential real estate appraiser, and the court accepted him as an expert.  However, Nemeth relied on the websites of the New Jersey Association of Tax Boards, New Jersey Property Fax, and Multiple Listing Service, and failed to confirm any data with the buyer, seller, broker or attorney involved in the comparable property transactions.  He also failed to access the deeds, sale documents, or property record cards for any of the comparable properties, nor did he physically inspect any of the comparable properties.

Furthermore, Nemeth made adjustments to the value of the comparable properties that he asserted were "extracted from the market data and cross checked with other accepted tax appeals from this market area to ensure they are in line and acceptable." However, Nemeth did not provide the market data relied on to calculate those adjustments.  Accordingly, Nemeth's testimony constituted a net opinion because he failed to "identify the

factual bases for [his] conclusions" or "demonstrate that both the factual bases and the methodology are reliable." See Townsend, 221 N.J. at 55.

Given Nemeth's inadmissible testimony, plaintiff provided no evidence to overcome the presumption of validity regarding the Board's tax assessment. Without Nemeth's testimony, plaintiff failed to provide even "a scintilla" of evidence in support of his asserted valuation. See MSGW, 18 N.J. Tax at 378. Accordingly, plaintiff failed to overcome the presumption of validity and the Tax Court properly dismissed his complaint.

IV

Plaintiff also argues the court erred in denying his discovery motion to compel the production of defendants' refinance mortgage appraisal. We disagree.

We review discovery orders for abuse of discretion. Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79 (2017). Thus, "appellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Id. at 79-80 (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

Plaintiff incorrectly asserts the discovery standard established in Rule 4:10-2 applies to the current matter; however,

matters pending in the small claims track instead apply Rule 8:6-1(a)(4). Rule 8:6-1(a)(4) specifically exempts "local property tax cases assigned to the Small Claims Track" from the provisions of discovery outlined in Rule 4:10-2. Rule 8:6-1(a)(4) provides that discovery in small claims track tax cases is limited to production of certain enumerated documents unless "good cause" is shown to permit additional discovery. A mortgage appraisal is not one of the items enumerated in Rule 8:6-1(a)(4), and plaintiff has not shown "good cause" for production. Accordingly, we find the Tax Court properly denied the motion to compel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION